# Shapiro *v.* Rosenstein, Appellant.

*Contract—Consideration—Election to the secretaryship of a corporation—Check.*

Where a check is given in consideration that the maker shall be elected secretary of a corporation, the maker cannot resist the collection of the check on the ground that he had not been legally elected secretary of the corporation, where the minutes of the directors of the company show that he was legally elected, and the regularity of his election is accepted in every particular by all parties in interest.

Argued Nov. 1, 1916.   Appeal, No. 187, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1916, No. 215, for plaintiff on case tried by the court without a jury in suit of Harry Shapiro v. Solomon Rosenstein.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit on a check.

The case was tried by the court without a jury.

CRANE, J., filed the following opinion:

"The defendant executed and delivered his check for $100 to plaintiff, who, according to the testimony of the plaintiff, corroborated by the receipt given by the defendant for such check, was to deliver the proceeds thereof

274    SHAPIRO *v.* ROSENSTEIN, Appellant.

Opinion of Court below—Assignment of Error. [65 Pa. Superior Ct.

to the People's Jitney Taxi Company upon the election of the defendant as secretary of said company.

"Plaintiff established the fact by competent testimony that the defendant was duly elected secretary of said company, on February 15, 1916, at 2 : 30 p. m. The minutes of the meeting were offered in evidence, certifying to this fact, together with the evidence of those in attendance at said meeting, which, in the Court's opinion, clearly established the fact that the defendant was duly elected secretary of the company. The condition upon which the check was given to the plaintiff having been complied with, the plaintiff thereupon drew his personal check to the People's Jitney Taxi Company. The defendant stopped payment on his check, of which plaintiff was notified after he had paid over his own check as aforesaid. This suit was brought to recover from the defendant the amount of said check.

"It further appeared that the People's Jitney Taxi Company delivered to the defendant its certificate for twenty shares of stock, the amount of defendant's check representing the consideration therefor. Stock having been issued to the defendant for the amount of his subscription, and he having been duly elected secretary of said company, there was no justification for his act in stopping payment of the check given by him, and in our opinion, it would be a travesty on justice to deny plaintiff the right of recovery thereon.

"The defendant sought to interpose as a defense that he had never been elected secretary of the company, and notified thereof, but the effort to sustain this contention was too feeble to warrant serious consideration.

"We are convinced that defendant should pay the plaintiff the amount of the check he gave him, both in point of morals and law. The court, therefore, finds in favor of the plaintiff in the sum of $100.50."

*Error assigned* was the judgment of the court.

273, (1916).]          Opinion of the Court.
*Leopold C. Glass,* for appellants.

OPINION BY ORLADY, P. J., December 18, 1916:

This action of assumpsit was heard before a judge of the Municipal Court without the intervention of a jury, and resulted in a finding for the plaintiff for $100.50. The facts were fully developed through the testimony of the parties and their supporting witnesses, and the defense interposed by the defendant to evade payment of his own check made it necessary for him to challenge the legality of his election as secretary of a taxi company, though so far as is shown by the record his election was accepted as regular in every particular by all other parties in interest.    The effort to sustain his contention in the language of the trial judge was "too feeble to warrant serious consideration, and that the defendant should pay the plaintiff the amount of the check he gave him, both in point of moral and of law."

A careful examination of the record satisfies us that the judgment was rightly entered, and it is now affirmed.